Monell & Lashley v. Terwilliger.

MONELL & LASHLEY, PLAINTIFFS IN ERROR, v. NANCY A. TERWILLIGER, DEFENDANT IN ERROR.

1. **Practice:** APPEALS FROM JUSTICES OF THE PEACE TO THE DISTRICT COURT: UNDERTAKING. By section 1007 of the code of civil procedure, the undertaking required, in case of an appeal from the judgment of a justice of the peace to the district court, must be given within ten days from the rendition of the judgment, and this time is to be computed according to the rule of section 895 of the same code, which excludes the first day and includes the last; and if the last day falls on Sunday, this is to be excluded also. In other words, if the tenth day falls on Sunday, the undertaking may be filed on the next succeeding Monday.

2. ———: ———: FILING OF TRANSCRIPT IN THE DISTRICT COURT: DISMISSAL OF APPEAL. The neglect to file a trans-

cript in the district court, in case of an appeal from the judg-
ment of a justice of the peace, within the thirty days given by
sec. 1008, as amended February 19th, 1877, is no ground for a
dismissal of the appeal, unless continued beyond the second
day of the next succeeding term.

ERROR from the district court for Lancaster county.

*Lamb, Billingsley & Lambertson*, for plaintiff in error,
cited *Carothers v. Wheeler*, 1 Oregon, 194. *Paine v. Ma-
son*, 7 Ohio State, 206. *Cock v. Bunn*, 6 Johns., 326.
Code, sec. 892. Gen. Stat., 662.

*L. C. Burr*, for defendant in error.

The plaintiffs in error did not file their appeal bond
*within ten days* as provided by section 1007, nor *tran-
script within thirty days next following*, and plaintiff in
error cannot file appeal undertaking *after ten days* under
section 895, page 662, general statutes. The section
just named does not apply to appeal from justice
courts, but proceedings in the higher courts, and the
general statute on time will not be considered when
the particular statute is known. *Paine v. Mason*, 7
Ohio Stat., 206. *Ex parte* Dodge, 7 Cowen, 146. *Al-
derman v. Phelps*, 15 Mass., 224. *Burr v. Lewis*, 6 Tex-
as, 76. *Moot v. Parkhurst*, 2 Hill (and note A), 372.
One is a *statute time*, and section 895 relates to court
rules and practice. Is the first day excluded and last
day included on a summons, execution, order of attach-
ment, etc., etc.? We think the order of district court
dismissing appeal should be affirmed.

LAKE, J.

This is a proceeding in error to reverse the judg-
ment of the district court for Lancaster county dismis-
sing an appeal taken from a judgment of a justice of

the peace.    The grounds of the dismissal.were—*First.* That the undertaking required by sec. 1007 of the code of civil procedure was not given within the time limited by the statute.    *Second.*    That the transcript was not filed in the district court within thirty days from the rendition of the judgment appealed from.

Section 895 of the code of civil procedure is as follows: "The time within which an act is to be done as herein provided shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." This section is one of the miscellaneous provisions of the code, and is applicable as well to proceedings before justices of the peace and other inferior courts as to courts of record.

It appears that the judgment of the justice of the peace was rendered on the sixteenth day of August, 1878, and that the undertaking in appeal was given and duly approved on the twenty-sixth of the same month. Excluding the day on which the judgment was entered as directed by the aforesaid section, we find the undertaking was given on the tenth day thereafter, and therefore within the statutory time. But the full scope of this statutory rule for computing time is more especially noticeable when applied to the second point, in counting up the thirty days given by section 1008 of the code of civil procedure, as amended by the act of February 19th, 1877, within which to file the transcript in the district court. Laws 1877, p. 15. By excluding the sixteenth of August, the day on which the judgment was rendered, thirty days, as ordinarily counted, would carry us forward only to the fifteenth day of September, but as this was a Sunday that year it must be excluded from the count, and the following Monday, the sixteenth, the day on which it was actually filed, included to make the full statutory period of time.

But on this last point we will add, that even if the

transcript had not been filed within the statutory thirty days, still as the neglect to file it was not continued beyond the second day of the next succeeding term of the district court, it worked no forfeiture of the appellants' rights. This we have already held during the present term in the case of *Roesink v. Barnett, ante* p. 146, wherein the question was squarely presented.

The judgment of the district court in dismissing the appeal is therefore reversed, and the appeal reinstated.

JUDGMENT ACCORDINGLY.