J. H. McMurtry and John S. Gregory, plaintiffs in error, v. The State of Nebraska, defendant in error.

19  147
20  324
19  147
29  322
19  147
30  557
19  147
41  832

1. **Bill of Exceptions.** Affidavits used in the trial court to be available for a review of the question in the supreme court must be embodied in a bill of exceptions.

2. **Default:** JUDGMENT. Where an answer or other pleading of a defendant is properly on file no judgment by default can be entered against him.

3. **Answer:** AMENDMENT. An answer filed in the district court, but entitled "in the county court," is amendable, and if applicable to the petition cannot be disregarded.

ERROR to the district court for Lancaster county. Tried below before POUND and MITCHELL, JJ.

*John S. Gregory*, for plaintiffs in error.

*William Leese, Attorney General*, for the state.

MAXWELL, CH. J.

This action was brought on behalf of the state to recover from McMurtry and Gregory the sum of $300 and interest upon a contract entered into by them with the board of public lands and buildings, "whereby it was agreed that for and in consideration of the title and ownership of all the material then in said capitol building to be transferred by this plaintiff to said defendant Gregory the said Gregory agreed to take down and remove all the material in said capitol building at his own expense and pay the plaintiff (below), the state of Nebraska, within 60 days from the 5th day of June, 1883, the sum of $300."

A copy of the contract is set out in the petition. It is also alleged that McMurtry and Gregory signed a bond in penal the sum of $15,000, conditioned that said Gregory

should faithfully perform the conditions of said contract, and that he has failed to pay said sum of $300, etc.

To this petition McMurtry and Gregory filed separate answers. On the trial of the cause in the county court judgment was rendered in favor of the state. McMurtry and Gregory then appealed to the district court. They thereupon filed an answer on which is the following indorsement:

"The State of Nebraska vs. John S. Gregory *et al.* County Court, files —. Clerk's office, district court. Filed Oct. 13, 1884. E. R. Sizer, Clerk D. C."

On the 27th of February, 1885. while the answer above referred to was on file, the court entered judgment by default in favor of the state for the sum of $331.50. Afterwards, on March 2d, the defendants below filed a motion to set aside the default and for leave to answer. This motion was supported by the affidavit of John S. Gregory, and was opposed by that of N. C. Abbott. The motion was overruled.

The affidavits referred to are in the record, but are not embodied in a bill of exceptions, and a motion is now made to strike them from the files on that ground. The motion must be sustained. The rule is that affidavits used in the trial court to be available in the supreme court must be preserved in a bill of exceptions. *Ray v. Mason*, 6 Neb., 102. *Credit Foncier v. Rogers*, 8 Id., 36. *Aultman v. Howe*, 10 Id., 10. *Oliver v. Sheeley*, 11 Id., 522. *Dorrington v. Minnick*, 15 Id., 398. *Dolen v. State*, 15 Id., 405. *Empkie v. McLean*, 15 Id., 629.

The court, however, had no authority to render judgment by default while there was an answer of the defendants below on file. A party who has answered, unless out of time and without leave, is not in default. The fact that the answer was entitled in the county court, where it was apparent that it was intended to answer the cause of action set up in the petition did not authorize the court to disre-

gard it. The title was amendable. So long as an answer or other pleading of a defendant is properly on file no judgment by default can properly be entered against him. To authorize a default the answer or other pleading must be disposed of by motion, demurrer, or in some other manner. The court therefore erred in rendering judgment by default against the plaintiffs in error while their answer was, so far as appears, properly on file. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

THE other judges concur.