## J. W. TAYLOR v. FANNIE I. TRUMBULL.

[FILED JULY 1, 1891.]

**Judgment by default:** GROUNDS FOR VACATING. A judgment on default was entered against the defendant. At the same term of court the defendant moved to set aside the judgment and default, showing that he was not guilty of laches in failing to answer, and that he had a good defense, in part, to the action. The motion was denied. *Held*, Error.

ERROR to the district court for Douglas county. Tried below before CLARKSON, J.

*J. W. Taylor, pro se,* cited: *Orr v. Seaton,* 1 Neb., 107; *Mulhollan v. Scroggin,* 8 Id., 203; *Sang v. Lee,* 20 Id., 667; *Woodward v. Backus,* 20 Cal., 138; Freeman, Judgmts., secs. 99, 102, 106, 109, 540, 541; *Bailey v. Taaffe,* 29 Cal., 423; *Wooster v. Woodhull,* 1 Johns. Ch. [N. Y.], 539; *Adams v. Hickman,* 43 Mo., 168; *Hale v. Bender,* 13 Neb., 66; *Haggerty v. Walker,* 21 Id., 596; *Clutz v. Carter,* 12 Id., 113; *Stevens v. Ross,* 1 Cal., 94; *Cockle Mfg. Co. v. Clark,* 23 Neb., 705; 1 Greenl. Ev., sec. 275; *Weinberger v. Ins. Co.,* 5 So. Rep. [La.], 728; *Conrow v. Conrow,* 16 Atl. Rep. [Pa.], 522; *Miller v. Butterfield,* 21 Pac. Rep. [Cal.], 543; *Genet v. Canal Co.,* 24 J. & S. [N. Y.], 27.

*Whipple & Weaver, contra,* filed no brief.

NORVAL, J.

This action was brought by the defendant in error in the county court to recover the sum of $275 upon a written contract for the sale of certain personal property. Judgment was rendered for the plaintiff, and the defendant appealed to the district court.

On the 11th day of February, 1890, the plaintiff filed her petition in the district court, but did not set out therein a copy of the contract sued on, nor attach the same to the pleading. On February 15 the court, on motion of the defendant, ordered the plaintiff to attach a copy of the contract to the petition within five days. Subsequently the plaintiff filed a motion for a default, which was overruled on March 15. A second motion for a default was filed on March 20, which was sustained two days thereafter, and on the same day the cause was tried to the court, when judgment was rendered against the defendant for $285.74 and costs.

On April 14, and at the same term of court, the defendant filed a motion to set aside the default and judgment, which was supported by affidavits, and also tendered his answer. Counter-affidavits were also filed by the plaintiff. The motion was overruled, which ruling is the error assigned in this court.

After having carefully read and considered the numerous affidavits used in the court below, on the hearing of defendant's motion to set aside the default and to make a defense to the action, we have reached the conclusion that the motion should have been sustained. The action was upon a written contract for the payment of money, and under section 124 of the Code, the plaintiff in error had a right to insist that a copy of the instrument should be attached to the petition before he could be called upon to answer the same. The court below ordered the plaintiff to attach a copy of the contract to his petition within five days. Just when the copy was attached to the pleading, the record fails to disclose, but it fully appears that it was not filed within the time specified by the court in the order, and that the first motion of the plaintiff for a default was overruled for that reason. The copy was so attached to and folded with the original files by one of the attorneys for the plaintiff, as left the date of the filing of the petition

on one of the inside sheets of the pleading, and the clerk of the district court, at the request of said attorney, re-stamped the date of the original filing of the petition on the back of the copy thus attached, which copy was marked on the back "Petition." No entry was made by the clerk on the appearance docket, showing the filing of the contract.

The defendant is a practicing attorney in Omaha, and shortly after the plaintiff's motion for a default was over-ruled, he went to South Dakota to try some causes, being absent from Omaha about a month. J. L. Kaley, Esq., a member of the Omaha bar was employed by the defendant to watch the files of the district court for the filing of a copy of the contract sued on, so that he might file an answer in the case. The defendant was not aware that a copy had been filed until after judgment had been rendered against him. The plaintiff having attached to the petition a copy of the contract after the time fixed by the court for so doing, the defendant should have been notified of the filing of the same. (*Cockle Mfg. Co. v. Clark,* 23 Neb., 705.)

The answer tendered by the defendant presents a meritorious defense to a part of the plaintiff's cause of action. It sets up that the defendant is indebted to the plaintiff only in the sum of $100 and interest, and that he tendered that sum to the plaintiff before suit was brought, which tender was refused, and that the tender has been kept good. As the defendant was not guilty of laches in failing to answer, the default should have been set aside and the defendant permitted to file his answer. (*Blair v. West Point Mfg. Co.,* 7 Neb., 146; *Clutz v. Carter,* 12 Id., 113; *Haggerty v. Walker,* 21 Id., 596.)

The judgment of the district court is reversed and the cause remanded for further proceeding.

REVERSED AND REMANDED.

THE other judges concur.