## W. L. BEARD v. EZRA F. RINGER.

FILED SEPTEMBER 19, 1894.   No. 5290.

1. **Review of Ruling on Motion:** AFFIDAVITS: BILL OF EX-
   CEPTIONS.   Affidavits used in the district court in support of a
   motion to set aside a default and judgment must be embodied
   in a bill of exceptions if it is desired that this court shall pass
   upon their sufficiency for the purposes for which they were used
   in the court below.

2. **Appeal from Inferior Courts :** TIME TO FILE PETITION IN
   APPELLATE COURTS.   The plaintiff, in an action appealed from
   a justice of the peace or county court, has fifty days from the
   rendition of the judgment appealed from in which to file his pe-
   tition in the appellate court.

3. ———: TIME TO FILE ANSWER IN APPELLATE COURTS.   The
   time for a defendant to answer in an action appealed from a jus-
   tice of the peace or county court does not begin to run until
   fifty days from the rendition of the judgment appealed from, ex-
   cluding the day on which such judgment was rendered. (Code
   of Civil Procedure, secs. 1008 and 1010a.)

ERROR from the district court of Douglas county.   Tried
below before IRVINE, J.

*J. J. O' Connor,* for plaintiff in error.

*Brown & Talbott, contra.*

RAGAN, C.

E. F. Ringer sued William L. Beard before a justice of
the peace in Douglas county.   On October 18, 1890, the
justice rendered a judgment dismissing Ringer's action.
October 28, 1890, Ringer filed with and had approved by
the justice an appeal bond.   On the 8th day of November,
1890, Ringer filed in the office of the clerk of the district
court a certified transcript of the proceedings had before
said justice, as provided by section 1008 of the Code of

Civil Procedure. On December 6, 1890, Ringer filed with the clerk of the district court a petition in the case, setting up his cause of action against Beard. No answer or other pleading was ever filed to this petition, and on December 7, 1891, Ringer took a judgment by default against Beard. December 10, 1891, Beard filed a motion to set aside the default and judgment. December 22, 1891, the district court overruled this motion, and from this ruling of the district court Beard prosecutes a petition in error to this court.

1. The reasons relied upon by Beard in the district court for setting aside the default and judgment are not set out in his motion, but he says they will appear from the affidavits attached thereto. We cannot say whether the district court abused its discretion in refusing to set aside this default and judgment or not, as the affidavits filed by Beard in support of the motion, and which contain the facts relied upon by him for setting aside the default, though incorporated in the record here, are not embodied in any bill of exceptions, and therefore we cannot consider them. Affidavits used in the district court in support of a motion to set aside a judgment must be embodied in a bill of exceptions if it is desired that this court should pass upon their sufficiency for the purposes for which they were used in the court below. (*McMurtry v. State*, 19 Neb., 147.)

2. Another argument of counsel for plaintiff in error here is that it appears from the record that at the time the judgment by default was entered against Beard, Ringer was himself in default in filing his petition, and that a party in default cannot default his adversary. If it be true that Ringer's petition in the district court was filed out of time and without leave of the court and without any notice to Beard, then Ringer was not entitled to a judgment by default against Beard. By section 1008 of the Code of Civil Procedure it is provided that a party appealing from a judgment of a justice of the peace shall,

within thirty days next following the rendition of the judgment, deliver to the clerk of the appellate court a certified transcript of the proceedings had before the court from which the appeal was taken; and by section 1010$a$ it is provided that when an appeal from a justice of the peace or county court is perfected by filing in the appellate court a certified transcript of the proceedings, the plaintiff in the action shall, within twenty days after the filing of the transcript in the appellate court, as required by section 1008, file his petition, and that the answer shall be filed and issues joined the same as in cases originally commenced in such appellate court.    In the case at bar the judgment of the justice of the peace was rendered against the plaintiff in the action on the 18th day of October, 1890.  Thirty days from that date would be the last day which the law gave Ringer to file his transcript in the district court, and twenty days from this date would be December 7, 1890; this would be the last day given by the statute for Ringer to file in the district court his petition.  As already seen, he filed his petition on the 6th day of December, 1890, and it was, therefore, not filed out of time.    The theory of counsel for Beard seems to be that inasmuch as Ringer, on the 8th day of November, 1890, filed with the clerk of the district court a certified transcript of the proceedings had before the justice, therefore Ringer was compelled to file in the district court his petition in the action twenty days thereafter, or on November 28, 1890, and that as Ringer did not file his petition by that date, it was therefore filed out of time, and that Beard was not compelled to take notice of its filing.    But counsel misconstrues sections 1008 and 1010$a$ of the Code.    In this case, if the judgment of the justice of the peace had been rendered against Beard, the defendant in the case, he would have had thirty days from the rendition of that judgment in which to file in the district court a certified transcript of the proceedings had before the justice of the peace.    The

57

time of filing Ringer's petition then would have been twenty days from the expiration of the thirty days, and Beard's time for filing an answer would not have begun to run until fifty days from the rendition of the judgment of the justice of the peace. (*Rich v. Stretch,* 4 Neb., 186; *Monell v. Terwilliger,* 8 Neb., 360; *Smith v. Borden,* 22 Neb., 487.) There is no error in the record, and the judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.