Stansbury v. Storer.

---

WILLIAM STANSBURY, APPELLANT, v. M. F. STORER ET AL., APPELLEES.

FILED DECEMBER 16, 1903.    No. 13,206.

1. **Judgment: REVIEW: PRESUMPTION.** The judgments and orders of the district court are presumptively right, and will not be reversed unless error affirmatively appears in the record.

2. **Bill of Exceptions:** AFFIDAVITS. Affidavits used as evidence on a hearing in the district court can not be considered by the supreme court unless they are made a part of the record by being embodied in a bill of exceptions.

3. **Appeal:** RECORD: REVIEW. Where, on an appeal in equity from a judgment of the district court, the record contains no bill of exceptions and the pleadings are sufficient to support the judgment, it will be affirmed.

4. **Amendments.** An application on the part of appellant to amend his petition, having been made after the entry of the final judgment dismissing the case, came too late and was properly refused.

APPEAL from the district court for Nuckolls county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Cole & Brown,* for appellant.

*S. A. Searle* and *C. E. Adams, contra.*

BARNES, C.

This action was a suit in equity originally commenced in the district court for Nuckolls county to perpetually restrain the appellees from doing certain acts to the alleged irreparable injury of the appellant. When the action was commenced, a temporary injunction was allowed. On the final hearing, the defendants demurred to the plaintiff's petition; the demurrer was sustained; and plaintiff declined to further plead, but brought the action to this court by a petition in error. On the hearing, it was found that the record contained no final judgment, and for that reason the petition in error was dismissed. See *Stansbury v. Storer & Ellis,* 3 Neb. (Unof.) 100. When the mandate was returned to the district court, the defendants filed a motion to correct the record by entering the final judgment rendered by the court at the previous hearing. This motion was supported by affidavits on the one hand, and opposed by them on the other. The court, on consideration of the evidence, found for the defendants, and entered the final judgment from which the plaintiff now appeals. An examination of the record discloses

that it contains no bill of exceptions, and the certificate of the clerk of the district court to the transcript, which is all there is before us, does not include or mention the affidavits used on the hearing in that court. It has been so frequently held by us that affidavits presented as evidence on a hearing in the district court will not be examined in the supreme court, unless made a part of the record by being embodied in a bill of exceptions, that this is no longer an open question. *McMurtry v. State,* 19 Neb. 147; *Burke v. Pepper,* 29 Neb. 320; *McCarn v. Cooley,* 30 Neb. 552; *Beard v. Ringer,* 41 Neb. 831; *Beers v. State,* 24 Neb. 614; *Korth v. State,* 46 Neb. 631; *Norfolk Nat. Bank v. Job,* 48 Neb. 774.

The judgments and orders of the district court are presumptively right, and will not be reversed unless error affirmatively appears in the record. *Hobbs v. Warman,* 63 Neb. 703; *Carter v. Gibson,* 61 Neb. 207; *First Nat. Bank v. Stockham,* 59 Neb. 304. In an equity case, where there is no bill of exceptions preserved, the only question presented by the record is whether the decree is supported by the pleadings. *Pettibone v. Fitzgerald,* 62 Neb. 869. The pleadings in this case seem to be sufficient to sustain the judgment of the district court. Therefore there is nothing further for our consideration.

The appellant contends, however, that the court should have permitted him to amend his petition in accordance with the request presented for that purpose. If the judgment of the district court dismissing the action was right, as we must assume it was, the application to amend came too late and was properly denied.

For the foregoing reasons, we recommend that the judgment of the district court be affirmed.

GLANVILLE and ALBERT, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.