WILLIAM STANSBURY V. M. S. STORER ET AL.

FILED JUNE 20, 1906.   No. 14,190.

Petition: DEMURRER. A petition alleging the making of a verbal building contract and partial performance thereof by the plaintiff, and claiming damages on account of defendant's failure to perform the same, is not subject to demurrer because it fails to allege the time within which the contract was to be performed.

ERROR to the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Cole & Brown,* for plaintiff in error.

*S. A. Searle, contra.*

EPPERSON, C.

The defendants in error as plaintiffs sued the plaintiff in error as defendant in the district court for Nuckolls county upon two causes of action. Plaintiffs alleged that they had entered into a contract with the defendant whereby the plaintiffs, as builders, were to furnish mate-

rial for and construct a building for defendant; that pursuant to the provisions of the contract they began the construction of the building, furnished labor, and also furnished material which was subsequently appropriated by the defendant. Plaintiffs under their first cause of action claimed damages for the value of the material appropriated by defendant, the labor employed upon the building, and the loss of profits occasioned by the defendant's failure to comply with the contract. For a second cause of action the plaintiffs alleged that an injunction suit was instituted by the defendant against the plaintiffs to restrain the plaintiffs from proceeding with the construction of the building; that an injunction bond was given in such proceeding upon the issuance of a temporary restraining order; that such temporary order was subsequently dissolved; that the plaintiffs were damaged to the extent of $400 on account of expenses incurred in resisting the injunction, for which they allege the defendant is liable on the bond. In answer to the first cause of action defendant denied the making of the contract; denied that plaintiffs furnished material or did any work under the terms of such contract; and, in answer to the second cause of action, admitted the institution of an injunction suit; alleged that it was undetermined, that at the time of the filing of such answer it was pending in this court, and that no action had accrued in favor of the plaintiffs against the defendant by reason thereof. A trial was had to a jury, which found due the plaintiffs on their first cause of action $483.55, and upon the second cause of action $250, a total of $733.55, for which amount a judgment was rendered in favor of plaintiffs. The defendant alleges many errors of the trial court and seeks a reversal of the judgment.

By instruction No. 8 the court charged the jury, in substance, that the measure of plaintiffs' damages on account of the materials furnished and work done was the loss of profits which they would have made in carrying out the contract, that is, $1,158 agreed compensation less the amount it would have cost them to furnish the labor and

material for its performance.  Defendant alleges error in the giving of this instruction for the reason that it assumes that the contract was made, which, being denied, was a question for the jury to determine.  The sum of $1,158 was the contract price alleged by plaintiffs and denied by defendant.  However, considering this instruction with others given by the court, the jury were clearly and properly charged in effect that, before they could find for the plaintiffs, they must find that the contract alleged by them had been made, and that, in case they should so find, then they should measure the damages according to the rule laid down in instruction No. 8.  This assignment of error, therefore, is without merit.

The court gave instruction No. 3, requested by the plaintiffs, which contained the following:  "The jury are further instructed that, in case you find from the evidence that the plaintiffs and defendant entered into the contract for the construction of the building referred to, and that the defendant prevented the plaintiffs from performing the same without fault on the plaintiffs' part, the plaintiffs are entitled to recover, under their first cause of action, the value of the labor and materials used and appropriated by the defendant as measured by the contract price, as you shall find the same from the evidence."  The defendant overlooks the first few lines of this instruction, and complains of that part beginning:  "Plaintiffs are entitled to recover," claiming that in substance the court said to the jury:  "That there is a contract; that there is an agreed contract price; that the plaintiffs herein appropriated materials and labor."  This contention, if we understand it, is wholly without merit.

Similar objections are made to instructions Nos. 4 and 5, relative to the items subject to recovery and the date of the contract; such instructions to govern in the event that the jury found that the contract was in fact made.  An instruction given by the trial court, or a part thereof, should not be isolated from other instructions or other parts of the same instruction, but all should be read

together, and if, as a whole, the law applicable to the facts and the pleadings is fully and properly given, as they were in this case, no reversible error is committed by the court.

Defendant contends that the court erred in overruling a demurrer to the petition, claiming that there is a misjoinder of causes of action, and that the petition does not state facts sufficient to constitute a cause of action. Plaintiffs failed to allege the time within which the contract was to be performed. The omission of such an allegation did not render the petition demurrable. The two causes of action were connected with the same subject matter, and therefore the petition was not subject to demurrer for misjoinder.

After the issues had been formed and the case ready for trial, the defendant filed a motion for leave to amend his answer by alleging that in January, 1900, and while the injunction suit above referred to was pending, and while there was also pending another suit between the same parties relating to an entirely different matter, the parties hereto settled their differences. The court overruled this motion. The settlement which defendant sought to plead by the proposed amendment was made in January, 1900, almost five years before the amendment was offered. There was no abuse of discretion in the refusal of the trial court to permit the amendment to be made.

To defeat the second cause of action, the defendant relied upon the fact that a supersedeas had been had of a judgment entered *nunc pro tunc,* dismissing the injunction suit in which the bond sued on had been given. No competent evidence was introduced showing that the proper bond had been filed. Defendant now contends that, as the petition failed to allege the termination of the injunction suit, evidence that the judgment therein had been superseded was not required. An examination of the pleadings discloses that the facts relative to the injunction suit were made an issue by the answer and reply. Possibly, however, the burden was upon the plaintiffs to show that their second cause of action had accrued. It is unneces-

sary to decide this proposition for the reason that the evidence introduced by defendant, including the opinions of this court in *Stansbury v. Storer & Ellis,* 70 Neb. 603, and *Stansbury v. Storer & Ellis,* 3 Neb. (Unof.) 100, proves that the injunction suit was in fact finally determined in 1899. This suit was instituted in 1903. The court instructed the jury as a matter of law that the injunction suit had terminated at the time this suit was instituted. Under the evidence, the instruction was proper.

There being no error in the record, we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.