H. C. KERR, APPELLEE, v. ADAMS COUNTY; UR S. ROHRER, APPELLANT.

FILED MAY 15, 1914. No. 17,416.

1. **Appeal:** SUFFICIENCY OF PLEADINGS. Where a case is brought to the supreme court on appeal, without a bill of exceptions or special findings, the only question which can be considered upon the appeal is the sufficiency of the pleadings to sustain the judgment.

2. **Pleadings** examined, and found sufficient to sustain the judgment of the district court.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*M. A. Hartigan* and *John Snider,* for appellant.

*J. W. James, contra.*

BARNES, J.

This is an appeal by a taxpayer from a judgment of the district court for Adams county in favor of one H. C. Kerr

on a claim for services rendered by the claimant as a county supervisor of that county.

It appears that the claim filed was for $21.10. It was duly itemized and sworn to by the plaintiff, and was audited and allowed by the county board. Thereupon, one Ur S. Rohrer, as a taxpayer, appealed to the district court. The plaintiff filed his petition claiming the sum of $21.10, and appellant answered admitting the validity of certain items of the claim amounting to $9, and alleged that plaintiff was not entitled to recover the balance of his claim because the services in dispute were rendered after the expiration of plaintiff's term of office, to wit, between Thursday after the first Tuesday in January, 1911, and the second Tuesday in that month. The cause was tried without a jury. There was a finding and judgment for the plaintiff for the full amount of his claim, and to reverse that judgment the taxpayer has brought the case to this court.

The record contains no bill of exceptions, and the only question presented for our consideration is: Do the pleadings sustain the judgment of the district court? The petition sets forth a good cause of action. As to certain items thereof, the appellant admitted that the plaintiff was entitled to recover. Without a bill of exceptions, we are unable to say that plaintiff was not entitled to judgment on the contested items. It is contended, however, that the term of office of all state and county officers, judges of the supreme court, district and county courts, and regents of the university shall begin on the first Thursday after the first Tuesday in January next succeeding their election, and shall continue until their successors shall be elected and qualified. Const., art. XVI, sec. 14.

It is alleged in the answer that plaintiff's successor was duly elected, and received his certificate of election before the first Thursday after the first Tuesday in January, 1911, and that he duly filed his bond as such supervisor. But it is nowhere alleged in the answer that the plaintiff's successor qualified by taking the oath of office before the second Tuesday in January of that year.

By section 1067, Rev. St. 1913, it is provided: "The supervisors shall severally lay before the board, at the first regular meeting after election, their certificates of election, which shall be examined by the board, and if found regular shall be filed in the office of the county clerk."

Section 1064, Rev. St. 1913, provides: "The regular meetings of the county board shall be held on the second Tuesday of January and the first Tuesday after the second Monday in July."

In the absence of a bill of exceptions, it will not be presumed that the plaintiff's successor qualified until the second Tuesday in January, 1911, and, it appearing from the pleadings that the plaintiff performed the duties of his office and held over until that date, it follows that he was entitled to recover the full amount of his claim.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.