THOMAS REIGLE, APPELLANT, v. MICHAEL CAVEY, APPELLEE.

FILED JANUARY 13, 1922. No. 21577.

1. **Appeal: REVIEW.** When a case is brought to the supreme court on appeal without a bill of exceptions or special findings, the only question that can be considered by this court is the sufficiency of the pleadings to sustain the judgment of the lower court.

2. **Pleadings** examined, and found sufficient to sustain the judgment of the district court.

APPEAL from the district court for Boone county; FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*V. E. Garten, A. E. Garten* and *O. M. Needham,* for appellant.

*Albert & Wagner* and *Vail & Flory, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., GRAVES and WELCH, District Judges.

GRAVES, District Judge.

This action was brought by the plaintiff and appellant against the defendant and appellee, in the district court for Boone county, to recover the sum of $978.62 and interest accrued.

Plaintiff alleges in his petition that at a general election held on the 7th day of November, 1916, the plaintiff was duly elected to the office of county commissioner for district No. 1, of said county, the term of office commencing January 4, 1917; and duly qualified and gave bond as required by law, and the same was duly approved; that on said 4th day of January, 1917, plaintiff presented himself as such commissioner at the courthouse and demanded to be recognized as said commissioner and attempted to exercise the duties of said office; that on said day plaintiff was prevented from taking possession of said office by reason of a restraining order duly issued at the instance of the defendant herein, and by reason of said restraining order plaintiff was kept from exercising the duties of his office or from receiving the salary connected therewith; that upon a trial thereon said restraining order was made permanent by the district court for Boone county; that plaintiff appealed from this decision to the supreme court of this state, and upon a hearing thereon the supreme court reversed the judgment and orders of the lower court, dissolved said injunction, and dismissed the action of said Mitchael Cavey, defendant herein; a mandate from the supreme court was filed in the office of the clerk of the district court for Boone county, and thereupon this plaintiff obtained possession of said office on or about the 5th day of March, 1918; that the said Michael Cavey took possession of said office and held the same from the 4th day of

January, 1917, to the 5th day of March, 1918, and collected and was paid the entire salary and earnings of said office by the county treasurer of said county; that the salary so unlawfully and wrongfully collected during said period by said Cavey, with interest, amounted to the sum of $978.62, to the damage of the plaintiff in said sum, no part of which has been paid by said Cavey, and the same is still due and wholly unpaid; that during all of said time plaintiff was a resident of said county, ready and willing to perform the duties of said office, and would have done so if not wrongfully restrained by defendant.

On the 5th day of February, 1920, defendant filed his answer, containing a general denial to the allegations of the petition not admitted therein, and admitted the holding of the election on November 7, 1916, for said office, and that the term of office commenced January 4, 1917; admitted that defendant received the income of the said office from January 4, 1917, to the 5th day of March, 1918, in the amount claimed in the petition. Other matters are alleged in the answer unnecessary to consider. The prayer of the answer was for a dismissal of the action.

It appears that the answer was not on file on the date of the trial, but was afterward drawn, presented to counsel for plaintiff, and with their consent and by order of the trial judge the clerk filed the answer of date February 5, 1920, on which date trial was had, and judgment entered as follows, to wit:

"This case came on for decision, it having been heretofore tried and submitted to the court first on a demurrer of the defendant to the petition, and thereafter the parties in open court agreed to dispense with the services of a jury, and the plaintiff stating in open court that if said demurrer was sustained the plaintiff would stand upon his petition, and the defendant stating in open court that if the demurrer was overruled he would stand upon his demurrer; and, thereupon, the parties

agreed to submit the case on the merits to the court.

"Evidence was received, and the court now being fully advised in the premises finds generally for the defendant and that plaintiff has no cause of action.

"It is therefore considered and adjudged by the court that the petition of the plaintiff be dismissed and the defendant go hence without day. Costs of this action taxed at $———," etc.

On the 7th day of February, 1920, motion for new trial was filed, in substance, as follows: (1) The finding and judgment of the court are contrary to law. (2) The finding and judgment of the court are contrary to the evidence. (3) The court erred in his finding and judgment for the defendant and against the plaintiff. (4) For errors of law occurring during the trial in admission of evidence.

On the 15th day of March, 1920, motion for new trial was overruled, and the case is here on appeal.

The record contains no bill of exceptions, the only question presented to this court being, do the pleadings sustain the judgment of the district court? With a general denial in the answer it was incumbent upon plaintiff to establish by a preponderance of evidence all the allegations of his petition not admitted in the answer.

All presumptions are in favor of the regularity of the proceedings of the district court. Error is never presumed, and must affirmatively appear from the transcript. *McIntyre v. Mote,* 77 Neb. 418; *Wilson v. Dallas,* 84 Neb. 605; *Davison v. Land,* 89 Neb. 58.

In the absence of a bill of exceptions, it will be presumed that an issue of fact raised by the pleadings received support from the evidence, and such issue correctly determined. *Backes v. Schlick,* 82 Neb. 289; *Miles v. State,* 74 Neb. 684; *Kerr v. Adams County,* 96 Neb. 178.

The pleadings sustain the judgment. It follows that the judgment of the district court should be affirmed.

AFFIRMED.