NELLY P. CLARKE, APPELLANT, V. PENN MUTUAL LIFE INSURANCE COMPANY, APPELLEE.

FILED DECEMBER 21, 1934. No. 29100.

*R. H. Mathew,* for appellant.

*Sidney W. Smith, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MUNDAY, District Judge.

DAY, J.

This is a suit in equity to cancel a deed. The deed was executed by the plaintiff for a consideration of $1 and an agreement to cancel and deliver to the plaintiff a note secured by a mortgage on the same premises. This was obviously done to avoid a foreclosure suit or other litigation and as a settlement between the parties. The plaintiff seeks to have this deed canceled for that the deal was not completed within a reasonable time and that no consideration was given for the agreement. The trial court entered a judgment in favor. of the defendant. The plaintiff appeals.

There are no assignments of error in the brief. Where

the brief fails to state the issues tried in the court below and how they were decided and there are no assignments of error as provided by rule 13 of this court, the judgment of the trial court will be affirmed. *Gorton v. Goodman,* 107 Neb. 671; *Dingle v. Gilbert,* 117 Neb. 237; *Federal Land Bank v. Elsemann,* 121 Neb. 397; *Kucera v. Hansen,* 96 Neb. 316.

There is no bill of exceptions in this case. The rule is well settled that, in the absence of a bill of exceptions or special findings, only the sufficiency of the pleadings to sustain the judgment will be considered. *Reigle v. Cavey,* 107 Neb. 446. In the absence of a bill of exceptions, it is presumed that the issue of fact raised by the pleadings was supported by the evidence and that the issue was correctly determined by the trial court. *Kerr v. Adams County,* 96 Neb. 178; *Miles v. State,* 74 Neb. 684. An examination discloses that the answer stated facts sufficient to constitute a defense. It therefore follows that the record in this case does not challenge our attention to any error requiring reversal.

AFFIRMED.