CRAIG BENSON, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF BENSON HARDWARE COMPANY, APPELLEE, v. GENERAL IMPLEMENT CORPORATION, A CORPORATION, APPELLANT.

37 N. W. 2d 223

Filed April 22, 1949. No. 32628.

*Baylor, Evnen & Baylor,* for appellant.

*Robert G. Fuhrman,* for appellee.

Heard before SIMMONS, C. J., CARTER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On October 23, 1947, plaintiff filed a bill of particulars in the county court of Thurston County, to recover alleged "over-charges made. and collected" from plaintiff by defendant in a contractual purchase of merchandise. Defendant entered its general appearance on October 29, 1947, but the cause was not tried on the merits until May 17, 1948, whereat plaintiff adduced evidence and rested, but defendant offered no evidence. On that date the county court entered judgment for plaintiff and against defendant for $69 and costs, awarding plaintiff $50 attorneys' fees as a part thereof.

On the same date, defendant filed notice of appeal to the district court. May 22, 1948, supersedeas bond was filed, and on June 3, 1948, transcript was filed in the district court. On June 15, 1948, plaintiff filed his petition on appeal, copy of which with notice of its filing,

was, as found by the trial court, then sent to defendant's attorneys.

That defendant, having entered a general appearance in the county court, although it offered no affirmative proof, had a right to appeal to the district court, there can be no doubt. Baier v. Humpall, 16 Neb. 127, 20 N. W. 108; Crumay v. Henry, 40 Neb. 716, 59 N. W. 369; National Supply Co. v. Chicago & N. W. R. R. Co., 108 Neb. 326, 187 N. W. 917.

However, on September 8, 1948, opening day of the next term of the district court, time for filing answer or other pleading by defendant had long since expired, and defendant was then in default of any pleading. Thereat, the trial court entered defendant's default, evidence was adduced by plaintiff, and judgment was entered against defendant for $70.46 and costs, awarding plaintiff $100 attorneys' fees as a part thereof, specifically finding "that under the pleadings and the evidence plaintiff is entitled to have an attorney's fee taxed for the services of his attorney, * * *." Thereafter, because of miscalculation of interest, plaintiff filed a remittitur of 56 cents from the judgment.

On October 2, 1948, defendant filed a motion "that the court enter an order setting aside and vacating the default judgment heretofore entered in the above entitled action; and that the court grant the said defendant right to file the proposed attached answer in said action; and that the court set a date for trial of the issues in said action." On the same date two affidavits of counsel for defendant, purportedly supporting the motion, were filed.

On November 15, 1948, plaintiff filed resistance to defendant's motion, alleging five factual reasons why the motion should be overruled, because of the fault, negligence, and lack of diligence in the premises by defendant's attorneys. It alleged also that defendant's proposed answer did not state a meritorious defense to plaintiff's action.

On January 10, 1949, after hearing upon the issues thus presented by plaintiff's motion and defendant's resistance, whereat, concededly, evidence was adduced, the trial court entered an order overruling defendant's motion. A memorandum accompanied the order, wherein, after detailing at length the history of the litigation in the county court and the district court, the court, in the light of the entire record before it, made findings of fact and gave reasons for overruling defendant's motion, among which, of importance here, were substantially that plaintiff's attorney had extended every required courtesy to defendant's attorneys, but that they were at fault, having been guilty of negligence and lack of diligence in the premises.

On January 18 and 19, 1949, defendant respectively filed a motion to set aside the order overruling its motion to set aside the default and judgment, and a motion for new trial, for the reasons, substantially, that there was irregularity in the proceedings, abuse of discretion by the trial court, that the judgment was not sustained by the evidence, and was contrary to the law and the evidence. Both motions were respectively overruled, and defendant appealed to this court, assigning substantially that the trial court erred in entering the default judgment and refusing to set it aside. We conclude that the assignments should not be sustained.

At the outset, it should be noted that there is no bill of exceptions filed in this court as there was in Taylor v. Trumbull, 32 Neb. 508, 49 N. W. 375; Coates v. O'Connor, 102 Neb. 602, 168 N. W. 102; Lacey v. Citizens Lumber & Supply Co., 124 Neb. 813, 248 N. W. 378; and Barney v. Platte Valley Public Power and Irrigation District, 147 Neb. 375, 23 N. W. 2d 335, relied upon by defendant, wherein this court's conclusions were reached in the light of the evidence appearing in their respective bills of exceptions.

It is generally the rule in this jurisdiction that: "Where a default has been regularly entered it is largely

within the discretion of the trial court to say whether the defendant shall be permitted to come in afterwards and make his defense and, unless an abuse of discretion be made to appear, this court will not interfere.

"It is the spirit and policy of the law to give every party an opportunity to prosecute or defend his case in court and courts will never deny such right except for the fault or gross laches of such party or his authorized attorney.

"Ordinarily, where a judgment has been entered by default and a prompt application made at the same term to set it aside, with a tender of an answer disclosing a meritorious defense, the court should, on reasonable terms, sustain the motion and permit the cause to be heard upon the merits." Barney v. Platte Valley Public Power and Irrigation District, *supra*.

The application of the foregoing general rules, however, is dependent entirely upon the facts appearing in each particular case. In other words, the factual showing made by the parties determines whether or not the trial court has abused its discretion. As stated in Sang v. Lee, 20 Neb. 667, 31 N. W. 85, approved in Barney v. Platte Valley Public Power and Irrigation District, *supra:* "It is certainly within the power of the court at any time during the term at which a judgment by default has been rendered to set the same aside, and allow an answer setting up a meritorious defense to be filed. But the exercise of such power is a matter of discretion on the part of the court, to be governed by the facts of the case as set out in the showing. This discretion is a legal one, the abuse of which would be corrected by the appellate court."

In that connection, it will be observed, however, that since there is no bill of exceptions in the case at bar, then there is no evidence before this court upon which such determination can be made. In a similar situation, it was held in Lichtenberger v. Worm, 41 Neb. 856, 60 N. W. 93: "It is the duty of the district court to af-

ford to defendants a full opportunity to present their defense, but it is also its duty to prevent unnecessary delays and discourage frivolous proceedings. In reviewing orders affecting the procedure in a case this court will presume, in the absence of evidence to the contrary, that the district courts have acted with due regard to both principles."

As held in Beard v. Ringer, 41 Neb. 831, 60 N. W. 95: "Affidavits used in the district court in support of a motion to set aside a default and judgment must be embodied in a bill of exceptions if it is desired that this court shall pass upon their sufficiency for the purposes for which they were used in the court below." See, also, McMurtry v. State, 19 Neb. 147, 26 N. W. 915.

As recently as Dryden & Jensen v. Mach, 150 Neb. 629, 35 N. W. 2d 497, this court, after citing numerous authorities, held: "Where the record contains no authentic bill of exceptions or the bill of exceptions has been quashed, no question will be considered, the determination of which necessarily involves an examination of the evidence adduced in the trial court, and in such a situation, if the pleadings are sufficient to support the judgment, it will be affirmed.

"This court will not review testimony in the form of affidavits used in the trial court on the hearing of a motion for new trial, unless such affidavits have been offered in evidence and appropriately included in and presented by a bill of exceptions."

The situation therein was identical in principle with that at bar, and controlling here. In other words, without a bill of exceptions, the only question which can be presented to this court for decision is the sufficiency of the pleadings to support the judgment.

In conformity with the foregoing rules, we have examined the pleadings and conclude that they were sufficient. Therefore, the judgment should be and hereby is affirmed.

Plaintiff's motion for an allowance of attorneys' fees

under section 25-1801, R. S. 1943, is sustained, and $50 is hereby allowed, taxable to defendant as costs.

AFFIRMED.

MESSMORE and YEAGER, JJ., participating on briefs.

SIMMONS, C. J., dissenting.

I do not agree with the basis of the court's opinion as to the necessity of a bill of exceptions. In denying the motion to set aside the default judgment, the trial court made an extended finding of facts in the form of a memorandum. This memorandum formed the basis of and was specifically referred to in the court's order. The findings of fact are here as a part of the transcript. The appellant does not challenge those findings. It accepts them. The appellee here adopts those findings. The appellant here challenges the correctness of the order based upon those findings. It submits questions of law and not fact. Under these circumstances "an examination of the evidence adduced in the trial court" is not required. The reason for the rule requiring a bill of exceptions has no application to this situation. It would be a futile thing, a needless expense, and encumber the record to bring up a bill of exceptions containing the showing upon which the findings are based.

The absence of a bill of exceptions raises a presumption that the evidence supports the findings of fact made by the trial court. Joyce v. Tobin, 126 Neb. 373, 253 N. W. 413. This presumption becomes conclusive when the time for preparing, serving, settling and filing a proper bill of exceptions has passed. Adkisson v. Gamble, 143 Neb. 417, 9 N. W. 2d 711. So we have here a conclusive presumption that the evidence supports the findings of fact, reinforced by the fact that both parties so hold. Obviously, there is no need for a bill of exceptions, and no occasion to resort to a rule that requires a bill of exceptions to find out what the facts are. It is assignments of error that require an examination of the evidence that will not be considered here in the absence of a bill of exceptions. Anthony Doll & Co. v. Strien, 121

Neb. 43, 236 N. W. 149; In re Estate of Abts, 122 Neb. 714, 241 N. W. 270.

In Reigle v. Cavey, 107 Neb. 446, 186 N. W. 323, we said: "When a case is brought to the supreme court on appeal without a bill of exceptions or special findings, the only question that can be considered by this court is the sufficiency of the pleadings to sustain the judgment of the lower court." In Clarke v. Penn Mutual Life Ins. Co., 128 Neb. 107, 257 N. W. 667, following the Reigle case, we said: "The rule is well settled that, in the absence of a bill of exceptions or special findings, only the sufficiency of the pleadings to sustain the judgment will be considered." In Plantz v. Peony Park, 129 Neb. 338, 261 N. W. 826, we affirmed this ruling, and did so again in Slosburg v. Hunter, 132 Neb. 529, 272 N. W. 571. Authoritative texts state the rule as follows: "Where the error sought to be remedied appears upon the record, the party aggrieved may avail himself of it on appeal or writ of error without bill of exceptions, case, statement, or other statutory remedy, and in such case it is improper to bring a bill of exceptions, case, or other substitute therefor, to the appellate court. Accordingly, no bill of exceptions, case, or statement is necessary where the matters presented for review sufficiently appear from the pleadings and proceedings of record, such as the question whether the pleadings or findings support the judgment, * * *." 4 C. J. S., Appeal and Error, § 785, p. 1268. "If there is no bill of exceptions or settled case the findings are ordinarily controlling on appeal, and the only question for review is whether the pleadings and findings sustain the judgment, or the proper construction of the order appealed from." 4 C. J. S., Appeal and Error, § 788, p. 1276. "Where the facts are specially found by the court, no bill of exceptions is necessary." 3 Am. Jur., Appeal and Error, § 625, p. 240.

We should answer the questions of law presented, so far as necessary to determine the appeal.