718

GEORGE B. DENT, JR., APPELLEE, v. CITY OF NORTH PLATTE, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, IMPLEADED WITH EARL BROWNFIELD, COUNTY TREASURER OF LINCOLN COUNTY, NEBRASKA, APPELLEE.

28 N. W. 2d 562

Filed August 1, 1947.    No. 32257.

*E. H. Evans,* for appellant.

*Bert L. Overcash* and *James G. McIntosh,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action in equity by George B. Dent, Jr.,

plaintiff, appellee here, against the city of North Platte, Nebraska, and Earl Brownfield, County Treasurer of Lincoln County, Nebraska, defendants, to quiet title to Lot 1, Block 77, Landgraf's Subdivision of Lots 73, 74, 75, 76, and 77 of Platteview Addition to North Platte, Lincoln County, Nebraska. The city of North Platte is the appellant here.

The basic facts of this case are that the general taxes on the lot in question for the years 1932 to 1935 inclusive became delinquent and thereafter on April 6, 1937, a tax sale certificate was issued to the county of Lincoln. The county of Lincoln will be hereinafter referred to as the county. In 1928 the city of North Platte, which will be hereinafter referred to as the city, levied a special assessment against this lot for paving. The assessment was in ten annual installments. Nine of the installments were delinquent on July 9, 1938. One was not. The special assessment was not included in the tax sale certificate. On July 9, 1938, the county instituted action for foreclosure of its tax lien. The city was not made a party defendant. C. S. Beck and S. S. Diedrichs were at that time the attorneys representing the county in the foreclosure action. In January 1939 plaintiff herein took over the representation of the county in the foreclosure action and was its representative throughout from then on until sale and confirmation. In due course there was a foreclosure, sale, and confirmation. The lot was sold and deed issued to the county. The sheriff's deed, which is dated May 11, 1944, recited the price as $61.85. Thereafter on December 31, 1945, the county board of Lincoln County conveyed the lot to plaintiff by quitclaim deed for the consideration of $66.10. It was agreed that plaintiff was to assume and to pay the taxes which had become due and delinquent subsequent to those represented by the certificate which was foreclosed. A certificate had been issued for subsequent taxes which included the above mentioned special assessment for paving. Plaintiff tendered payment to

the county treasurer in accordance with the understanding with the county board of the purchase price of $66.10 plus $431.49 which was the subsequent tax assumed. Instead of accepting the tender the county treasurer demanded in addition payment of the installment of the special assessment for paving and accrued interest thereon. This demand the plaintiff refused, on the ground that the foreclosure of the lien for taxes represented by the certificate which was issued to the county on April 6, 1937, barred and canceled the lien of the special assessment for paving and that the county as purchaser at the foreclosure sale took the lot free from the burden of the special assessment.

The action here is to quiet title against the lien claimed by the city for the special assessment for paving. From a decree quieting title as prayed the city has appealed.

In defense of the action the defendants contended that the sale by the county to the plaintiff herein was void because of the fact that plaintiff had represented the county in the foreclosure action and was therefore ineligible to become a purchaser of the lot, and further that the foreclosure of the tax certificate did not destroy the lien of the special taxes since the city was not a party to the foreclosure proceeding. As grounds for reversal the city makes the same contentions and the additional contention that the trial court erred in its refusal, on motion of the city, to permit the county to be made a party to this action.

The contention that the plaintiff was not eligible to become a purchaser under the circumstances outlined in the evidence is without merit. The circumstances under which he acquired the title to the lot were entirely removed from any connection he had with the county in the foreclosure of the certificate or the sale and confirmation under foreclosure. At the time he purchased the lot he was not employed by the county. Long prior thereto the county had acquired the title by purchase. There is nothing whatever in the record to

indicate that the transaction was or could have been controlled or influenced by anything growing out of the previously existing relationship of attorney and client. The mere fact is that plaintiff was attorney for the county in this foreclosure proceeding and that long after the property had passed by judicial sale to the county the plaintiff purchased it from the county. This furnishes no ground for criticism. Jordan v. Evans, 99 Neb. 666, 157 N. W. 620.

The action of the trial court in refusing to permit the county to be made a party to this action must be sustained. On October 18, 1946, an oral motion was made by the attorney for the city for leave to file a cross-petition bringing into the litigation the county as a new party defendant. The motion was preserved in the bill of exceptions.

There is nothing in the record to indicate that the county was either a necessary or proper party to this action. By statute the court is only required to order new parties to an action when a determination of the controversy cannot be had without the presence of the other parties. Section 25-323, R. S. 1943. See Cunningham v. Brewer, on rehearing, 144 Neb. 218, 16 N. W. 2d 533. It is not shown that the controversy in this case cannot be determined without the presence of the county.

We come now to the question of whether or not plaintiff is entitled to have his title quieted against the city's lien, or what had been a lien, for the unpaid special assessment for paving.

The parties do not question that prior to the foreclosure the city had a lien for this assessment, and neither do they question that this lien was junior and inferior to the lien of general taxes. The substantial contention of the city is that the installment of this special assessment were not included in the certificate which was foreclosed or in the foreclosure and the city was not a party to the foreclosure proceeding and that therefore the special assessment is a valid, subsisting,

and enforceable lien against the lot in question.

It is clear from the record in this case that neither this special assessment nor any of its installments were included in the foreclosure action. The special assessment was levied in 1928 and at the time of foreclosure was a lien in its entirety. Section 16-646, R. S. 1943. It could have been included and foreclosed but was not. It is clear also that the city was not made a party to the foreclosure action.

Did the foreclosure without inclusion of the special assessment and without inclusion of the city as a party to the action have the effect of retaining the special assessment as a valid, subsisting, and enforceable lien against the real estate? We think the answer must be in the negative. We think that the deed issued in pursuance of the decree of foreclosure had the effect of conveying title to the purchaser, the county, free and clear of liens of taxes or special assessments junior or inferior to the lien of general taxes of the county which was foreclosed. This is not, however, to say that the city was without any kind or character of remedy in the premises nor that the plaintiff is entitled to have his title quieted.

The opinion in the recent case of Polenz v. City of Ravenna, 145 Neb. 845, 18 N. W. 2d 510, reviews exhaustively the statutes and earlier decisions of the court dealing with the effect of foreclosure of the lien of general taxes on the lien of special assessments and also the title acquired by the purchaser through and by his deed, and the following conclusion was therein reached: "We think it clear from the provisions of the statutes that general taxes are a first lien, special assessments are a lien inferior thereto; that where property is sold at a tax foreclosure to satisfy the lien of general taxes, it cannot be sold subject to the lien of special assessments; and that, when title passes to a purchaser by such a sale, it is free and clear of all such liens."

The following conclusion was reached therein as to

the title taken by the purchaser: "This court has held that 'The title conveyed under a tax (foreclosure) sale is not derivative, but a new title, and the purchaser, if his deed is valid, takes free from any incumbrance, claims or equities connected with the prior title.'"

However, in Polenz v. City of Ravenna, *supra*, the city was made a party and served with process in the original tax foreclosure action and therein we cited the following applicable statutory provision: " 'The delivery of the sheriff's deed shall pass title to the purchaser, free and clear of all liens of every nature whatsoever and the interest or interests of all persons over whom the court had jurisdiction.' This provision now is found in section 77-1914, R. S. 1943."

The validity of the deed of the county, the purchaser at the foreclosure sale, is not brought into question, therefore it must follow, on the authority of the opinion in the Polenz case and the cases and statutes cited therein, that plaintiff as purchaser from the county takes title unencumbered by a lien of the special assessment in question, unless, as the city contends, because of failure to make the city a party to the foreclosure proceeding, the lien of the special assessment has not been extinguished.

This contention of the city cannot be sustained under the decisions of this court. For this failure the city has rights but those rights were not to have the special assessment continue as a subsisting lien against the real estate. The right that remained was that of redemption from the foreclosure.

It will be noted from the opinion of Polenz v. City of Ravenna, *supra*, that special assessments are classed with encumbrances inferior to the lien of general taxes.

This court, in Merriam v. Goodlett, 36 Neb. 384, 54 N. W. 686, in addressing itself to a failure to make a mortgagee a party to an action to foreclose general taxes, said: "A lien for taxes takes precedence of all other liens where the tax is assessed upon the land itself and not upon any particular interest therein * * *. The

foreclosure, therefore, extinguished the mortgage lien, even if it is not barred by the statute of limitations. As the mortgagee was not a party, if the mortgage lien is not barred, no doubt he could proceed in an action to redeem by setting up the necessary facts to entitle him to such relief."

However, therein the court goes on to say: "The plaintiff, however, by seeking to have the cloud removed from his title and to have it confirmed in him subjects himself to the equity rule that he that seeks equity must do equity. The rule, however, is imposed as a condition of granting relief. If relief is denied, the rule will not be applied."

In Gillian v. McDowall, 66 Neb. 814, 92 N. W. 991, a mortgagee, who had not been made a party in a tax foreclosure, sought to foreclose his mortgage. Therein we said: "In other words, in this case, as is said in Merriam v. Goodlett, the sale extinguished the mortgage lien, subject to the right of the mortgagee to reinstate it by exercising his outstanding right of redemption. * * * The necessity of redeeming in a case such as this may be rested upon the fact that otherwise the land is held by an independent title not subject to the mortgage lien. * * * Plaintiff, in his petition, makes no offer to redeem from the tax-foreclosure, but seeks a decree for sale of the land as though no such foreclosure had been had. Such is not his remedy. He should redeem from the foreclosure sale, and, upon redemption, sell the land for satisfaction of his lien."

In Coffin v. Old Line Life Ins. Co., 138 Neb. 857, 295 N. W. 884, it was said: "A situation comparable to that here presented was considered by this court in the case of Merriam v. Goodlett, 36 Neb. 384, 54 N. W. 686. In the Merriam case we announced the principle: 'If parties affected (by a tax foreclosure and sale) are not before the court their remedy is an action to redeem. If the court had jurisdiction the decree cannot be treated as void.'" It is therein further stated: "The fact that

he failed to make the owner of the Cowles decree a party to his proceeding, while operating to limit the conclusiveness of the decree involved so far as cutting off right of redemption of a subsequent encumbrancer, in no manner changed the essential character of the title received by him. So far as these proceedings were valid, the rights conferred were exclusively derived from a single source, viz., from the sovereign power."

The appellant contends that the position taken in Polenz v. City of Ravenna, *supra,* Merriam v. Goodlett, *supra,* and Coffin v. Old Line Life Ins. Co., *supra,* conflicts with the decision of the later case of Licking v. Hays Lumber Co., 146 Neb. 240, 19 N. W. 2d 148. With this contention we do not agree. The case of Licking v. Hays Lumber Co., *supra,* deals with specific statutory provisions which are therein applicable and controlling but which are in no way applicable or controlling here.

It is therefore the holding of this court that the deed, which the county of Lincoln took as a result of the foreclosure in question, conveyed to it the lot free and clear of the lien of the special assessment of the city of North Platte but subject to the right of the city to redeem and in consequence the plaintiff, as purchaser from the county of Lincoln, took the same title subject to the same right of the city. The plaintiff would therefore not be entitled, under the circumstances here, to have his title quieted free therefrom.

However, we have come to the conclusion, under the circumstances here, that the city should be allowed to redeem and to be given a reasonable time for that purpose. We therefore direct that the city of North Platte be allowed 60 days from the date of the mandate issued herein within which to redeem. If it fails to redeem within that time, the title should then be quieted in the plaintiff.

As thus modified the decree of the district court is affirmed.

AFFIRMED AS MODIFIED.