COUNTY OF SCOTTS BLUFF, NEBRASKA, APPELLEE, V. MARTIN BRISTOL ET AL., APPELLEES, IMPLEADED WITH CARL MACKRILL, PURCHASER, APPELLANT.

68 N. W. 2d 197

Filed January 21, 1955. No. 33653.

*Herman & Van Steenberg,* for appellant.

*Mothersead, Wright & Simmons, Cline, Williams, Wright & Johnson, Hans, J. Holtorf, R. S. Wiles,* and *O. C. Adcock,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The real estate affected by this litigation is definitely described in the fifth cause of action stated in the petition. It was sold by virtue of a decree of the district court which foreclosed a lien thereon for delinquent general taxes and delinquent special assessments. The sale was confirmed. The real estate was conveyed to Carl Mackrill, the purchaser at the sale, by deed of the sheriff and it was recorded in the office of the register of deeds.

Thereafter, but before adjournment of the term of court in which the decree of confirmation was rendered, Katherine Schwartzkopf, one of the defendants, by motion filed in the case asked that the order of confirmation be vacated; that the deed from the sheriff to the purchaser be canceled; and that Katherine Schwartzkopf, Clara Green, and Helen Herbel be given a reasonable time to redeem the premises from the decree of foreclosure. The ground for the relief sought was that the title to the real estate was conveyed to Katherine Schwartzkopf, guardian of Clara and Helen Schwartzkopf, August 8, 1942; that Clara and Helen Schwartzkopf were then minors; that they are now of age; that the name of the former is Clara Green and the name of the latter is Helen Herbel; that they are and have been since September 1953, residents and inhabitants of Scotts Bluff County, Nebraska; that no service of summons was had upon either of them; that Katherine Schwartzkopf was served only as guardian of Clara and Helen Schwartzkopf; and that on the date of the summons so served no such guardianship existed.

The purchaser opposed the relief sought by the motion

at the hearing held thereon. The district court found that the statements made in the motion were true, sustained the motion, vacated the confirmation, set aside the deed of the sheriff to Carl Mackrill for the real estate referred to above, quieted the title thereto against the deed, and gave Katherine Schwartzkopf, Clara Green, and Helen Herbel 20 days within which to redeem the premises.

The parties to this appeal are Carl Mackrill, designated hereafter as appellant, and Katherine Schwartzkopf, identified herein as appellee.

Appellant says the court was wrong in finding that the service of summons made on appellee was insufficient to confer jurisdiction over her. Appellee paid to the clerk of the district court, within the time allowed her, the amount required to redeem the real estate from the decree of foreclosure. This fact and the conclusion herein stated make it improper and unnecessary to determine the validity of the service made upon appellee.

The district court had authority to vacate the order of confirmation, cancel the deed to the purchaser, and permit appellee to redeem the real estate from the decree of foreclosure. A court of general jurisdiction has inherent power to vacate an adjudication made by it in a civil case at any time during the term of court in which it was made. Barney v. Platte Valley Public Power & Irr. Dist., 147 Neb. 375, 23 N. W. 2d 335; Benson v. General Implement Corporation, 151 Neb. 234, 37 N. W. 2d 223. The exercise of the authority to vacate an adjudication made by a court of general jurisdiction in a civil case during the term of the court in which it is made is a matter of legal discretion. The court is limited by the facts shown for relief from the adjudication and an abuse of discretion may be corrected by an appellate court. Barney v. Platte Valley Public Power & Irr. Dist., *supra;* Benson v. General Implement Corporation, *supra.*

The record indicates that appellee is a person of limi-

tations and restricted mental alertness. She is a widow and lives in a small house without modern conveniences upon the real estate involved. The officer delivered her a copy of the summons issued for service upon her. She read it and learned that she was required to do something by November 30, 1953. She was asked: "And you did nothing about it at all?" She answered: "Yes. I come over and paid it." She could not name the person to whom or the office in which she made payment in some amount but she described it this way: "Well, it was right here by the Sheriff's office in that room there." What she then paid were taxes on personal property. She took no other action to satisfy the foreclosure action. The sale of the property was confirmed as a default matter. The offer of the purchaser was $20. The record contains evidence, not disputed, that the value of the property was not less than $1,500. It was proper for the trial court to conclude that the property did not sell for its fair value, and that the amount bid at the sale was inadequate. If it had been advised of the facts when confirmation was requested it would have been the duty of the court to have refused approval of the sale. § 25-1531, R. R. S. 1943; Ehlers v. Campbell, 147 Neb. 572, 23 N. W. 2d 727. It was not an abuse of discretion for the court to vacate the confirmation of a judicial sale that it would not have been legally authorized to have approved if the facts had been known to it at the time of the confirmation.

Appellant argues that the district court had no authority, discretionary or otherwise, to grant appellee the relief she sought by her motion because of the fact that this is a foreclosure case, and that section 77-1914, R. R. S. 1943, contains the following: "The delivery of the sheriff's deed shall pass title to the purchaser, free and clear of all liens of every nature whatsoever and the interest or interests of all persons over whom the court had jurisdiction." This statute defines the nature and extent of the title passed to a purchaser and evidenced

by a deed of the sheriff resulting from the foreclosure of a lien for general taxes on real estate. It does not affect or limit the power of a court of general jurisdiction. Appellant. mentions two cases to sustain his contention, Polenz v. City of Ravenna, 145 Neb. 845, 18 N. W. 2d 510, and Dent v. City of North Platte, 148 Neb. 718, 28 N. W. 2d 562. His conclusion in this regard is not justified by the statute or the cases relied upon.

The judgment of the district court should be and it is affirmed.

AFFIRMED.