LINCOLN BONDING & INSURANCE COMPANY, A CORPORATION, APPELLEE, V. FRANK J. BARRETT, DIRECTOR OF INSURANCE OF THE STATE OF NEBRASKA, APPELLEE, LEON BINGHAM ET AL., INTERVENERS-APPELLANTS.

138 N. W. 2d 462

Filed November 26, 1965.  No. 36016.

Edwin F. Dosek and Thomas J. Gorham, for interveners-appellants.

Chambers, Holland & Dudgeon, for appellee Lincoln Bonding & Ins. Co.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee Barrett.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

This is an action in which the Lincoln Bonding & Insurance Company, a corporation, appears as the plain-

tiff and Frank J. Barrett, Director of Insurance of the State of Nebraska, appears as the defendant. The petition alleged that the capital account of the corporation had become so impaired that the purposes of the corporation could no longer be achieved, and prayed for the dissolution and liquidation of the corporation. Leon Bingham and Rose Bingham were granted leave to intervene. They filed a petition in intervention as holders of a surplus note, objecting to the dissolution and liquidation of the corporation. Thereafter and on February 11, 1964, the trial court entered a judgment, after trial, granting the prayer of plaintiff's petition. On September 24, 1964, Edward A. Dosek requested leave to intervene as a holder of surplus notes for the purpose of asserting a want of authority of the corporate officers and directors in bringing the action. Leave to intervene was denied. An appeal was taken by Leon Bingham and Rose Bingham. An appeal was also taken by Edward A. Dosek. The issues raised by the two appeals are different and require a separate consideration of each.

As to the appeal of interveners Bingham, the record shows that their petition in intervention was filed on November 15, 1963. Plaintiff filed its answer to the petition in intervention on December 9, 1963, and a copy thereof was mailed to Ralph R. Bremers, attorney for the Binghams, on the same day. On December 19, 1963, the attorney for the plaintiff wrote Binghams' attorney that the case was set for trial on February 6, 1964. On December 26, 1963, Bremers informed the Binghams of the trial date by letter. On January 7, 1964, Bremers again wrote the Binghams that since he had heard nothing from them about the trial date, he assumed they had lost interest in the case and stated: "As a result, it becomes necessary that I withdraw as your attorney of record in the subject case and I am herewith informing you and am advising the Court of that fact. No doubt you will be able to find other able counsel to represent you in this case." On January 7, 1964, Rose Bingham

wrote Bremers that February 6, 1964, was a trial date "impossible for either of us to keep." On January 23, 1964, Bremers wrote Rose Bingham again informing her of his withdrawal from the case and included the following: "Due to the fact that you folks will be unable to appear for trial on said date the Court will allow a continuance if the reason for your inability is good. However, I have withdrawn from the case and will not be in a position to urge the continuance." The Binghams did not appear at the trial on February 6, 1964, either in person or by counsel. The judgment entered on February 11, 1964, noted the nonappearance of the Binghams, and dismissed the petition in intervention filed by the Binghams.

On September 18, 1964, the Binghams filed a motion to set aside the default judgment entered against them on February 11, 1964. The motion was supported by the affidavit of Leon F. Bingham which states that interveners had no notice of the hearing on February 6, 1964, or of the withdrawal of their attorney, Ralph R. Bremers, from the case. The affiant asserts that he had no notice of the entry of the judgment and moves for an order setting the judgment aside as to the Binghams. The trial court denied the motion to set aside the judgment as it relates to the petition in intervention, and this is asserted as error.

We point out that the Binghams had a month's notice that the trial was set for February 6, 1964. On January 7, 1964, they were informed by their attorney of his withdrawal from the case. They were informed by the attorney that they could obtain a continuance for good cause, but that he would not be present to urge a continuance. The Binghams did nothing, although they had a month before the trial to do so. They failed to appear at the trial, although they had ample notice of the date.

It is a general rule that where a default has been entered against a defendant it is largely in the discretion

of the court as to whether or not the default shall be set aside and a trial of the issues had, and unless there has been an abuse of discretion by the trial court this court will not interfere. Barney v. Platte Valley Public Power & Irr. Dist., 147 Neb. 375, 23 N. W. 2d 335; Benson v. General Implement Corp., 151 Neb. 234, 37 N. W. 2d 223; County of Scotts Bluff v. Bristol, 159 Neb. 634, 68 N. W. 2d 197.

In the case at bar the interveners had notice of the trial date and the withdrawal of their attorney from the case in ample time to engage another. Such negligence or indifference cannot be condoned. We cannot say, under such circumstances, that the trial court abused its discretion in refusing to set aside the judgment of February 11, 1964, as to these interveners.

As to the appeal of Edward A. Dosek, the record shows that he was present at the trial which commenced on February 6, 1964. He had known of the pending action since November 1963, but had done nothing toward intervening in the litigation until he appeared at the trial on February 6, 1964, and sought a continuance for the purpose of obtaining additional time to intervene. The continuance was denied. He then waited until September 24, 1964, when he filed his petition for leave to intervene. In the meantime a receiver was appointed, substantial expenses incurred, and the liquidation of the corporation has been in continuous progress.

A petition in intervention may be filed as a matter of right before the trial. § 25-328, R. R. S. 1943. See, also, Kirchner v. Gast, 169 Neb. 404, 100 N. W. 2d 65. In Kitchen Bros. Hotel Co. v. Omaha Safe Deposit Co., 126 Neb. 744, 254 N. W. 507, we said: "Leave to intervene after the entry of a final decree is not allowable as a matter of right and should seldom be granted, but equity sometimes requires a departure from the general rule. In the light of both reason and precedent it has been said: 'Applications for leave to intervene after

entry of a final decree are unusual, and generally have been denied.'"

A right to intervene should be asserted within a reasonable time. The applicant must be diligent and not guilty of unreasonable delay after knowledge of the suit. An intervener may not unreasonably delay the original parties, unduly retard the trial of the case, or render nugatory a judgment without a compelling cause, particularly when it has been partially performed. Consequently, persons who would otherwise be granted leave to intervene are denied consideration where they sit by and allow litigation to proceed without seasonably requesting leave to enter the case. 39 Am. Jur., Parties, § 72, p. 944.

The delay of Dosek in seeking to intervene, and the consequential setting aside of the receivership if granted, is reason enough for the trial court to deny the application.

We find no error in the action of the trial court in refusing to set aside the judgment as to the interveners Bingham. Nor do we find any error by the trial court in refusing leave to intervene to Edward A. Dosek for the reasons stated.

We find no prejudicial error in the record. The rulings of the trial court on the assignments of error in the appeals are correct and the judgments are affirmed.

AFFIRMED.

SPENCER, J., not participating.