In re Estate of C. E. Weinberger, deceased.
Edward Hooker et al., Appellees, v.
Raymond P. Medlin, Jr., Executor of the Estate of
C. E. Weinberger, deceased, et al., Appellants.

Edwin H. Heft et al., Appellees, v.
Raymond P. Medlin, Jr., Executor of the Estate of
C. E. Weinberger, deceased, et al., Appellants.

300 N.W.2d 818

Filed January 16, 1981. No. 43162.

Deutsch & Hagen and Moyer, Moyer & Egley for appellants.

Brower, Treadway & Bird, P.C., for appellees.

Heard before Krivosha, C.J., Boslaugh, McCown, Clinton, Brodkey, and Hastings, JJ.

Krivosha, C.J.

The instant appeal arises out of two separate actions which were consolidated for trial. The only issue

presented to us at this time concerns certain procedural actions taken by the trial court, and for that reason we need not address the substantive issues involved in this case. For reasons which we will set out in greater detail hereafter, we affirm the action of the trial court.

On October 19, 1978, the District Court for Boone County, Nebraska, entered judgments for the appellants in both of the entitled cases. It appears from the record before us that the trial court had earlier advised the parties of its intention to enter judgment in each of these cases and, therefore, on October 13, 1978, prior to the date on which the judgments were formally entered, appellees filed their motions for new trial. Under the circumstances presented, such filing was effective. See *Pfeiffer v. Pfeiffer*, 203 Neb. 137, 277 N.W.2d 575 (1979). Appellants, nevertheless, maintain that the motions for new trial were defective in that they failed to set out specific grounds. However, in view of the actions taken by the trial court with regard to each of the motions for new trial, we need not decide that matter at this time.

On November 15, 1978, the trial court overruled both motions for new trial. The order overruling the motions for new trial had been orally conveyed to the parties at the regular session of the court on November 7, 1978, and was formally filed with the clerk of the District Court on November 16, 1978. Thereafter, on November 22, 1978, the appellees filed a document entitled "motion for rehearing." We are unable to find any provision, either by statute or case law, authorizing a "motion for rehearing" to be filed after the court overrules a motion for new trial.

Nevertheless, in civil cases a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are rendered. See, *Barney v. Platte Valley Public Power and Irrigation District*, 147 Neb. 375, 23 N.W.2d 335 (1946); *Lyman v. Dunn*, 125 Neb. 770, 252 N.W.

197 (1934); *County of Scotts Bluff v. Bristal,* 159 Neb. 634, 68 N.W.2d 197 (1955); *Jones v. Nebraska Blue Cross Hospital Service Assn.,* 175 Neb. 101, 120 N.W.2d 557 (1963); *Urwin v. Dickerson,* 185 Neb. 86, 173 N.W.2d 874 (1970). This action by the trial court prior to the termination of term may be either on the court's own motion or at the request of either party. We, therefore, consider the document filed by appellees entitled "motion for rehearing" to be nothing more than an invitation to the District Court to consider exercising its inherent power to vacate or modify its own judgment. A litigant may always ask a court of general jurisdiction to exercise its inherent power. However, the filing of a document entitled "motion for rehearing" does not toll the time for appeal, and the time for appeal begins to run from the date the court enters the order overruling the motion for new trial, if such a motion has been timely filed. This, obviously, imposes upon litigants a difficult choice, but one which, of necessity, must exist. If either party has requested the court to consider invoking its inherent power and the time for appeal expires before the court has exercised that inherent power, the parties may be left with no further relief should the trial court refuse to exercise its inherent power. That is simply a choice which the parties must make.

In the instant case the trial court did, in fact, on December 6, 1978, at chambers in Platte County, Nebraska, modify in part its previous order overruling the motions for new trial and granted a new trial in the action filed by the appellees against the estate of C. E. Weinberger. The order appears to have been filed in the District Court for Boone County, Nebraska, on December 12, 1978. At the same time, the trial court denied any further relief insofar as the action filed by the appellees against the estate of Viola Weinberger was concerned. Within 10 days of the entry of the court's order of December 6, 1978, in part granting a new trial and in part denying a new trial,

the appellants filed motions for new trial, which were overruled by the trial court on February 6, 1979. It is from those orders that appeal is brought to this court.

Appellants have assigned a number of errors, many of which appear to be duplicative of each other. The principal issues involved in this appeal, however, are twofold. First, did the court have jurisdiction on December 6, 1978, at chambers, to grant a new trial in the C. E. Weinberger case; and, second, could the court sign the order at chambers without the notice required by Neb. Rev. Stat. § 25-1329 (Reissue 1979)? We believe the answer to both questions must be answered in the affirmative.

As we have already indicated, a trial court has inherent power to modify or vacate its own judgment at any time during the term at which the judgment is rendered. Appellants argue that no term of court was set by the District Court for Boone County and that, therefore, we have no way of knowing whether the action of the trial court in part vacating and modifying its own judgment on December 6 was before or after term. We believe that not to be the case.

In the first place, Neb. Rev. Stat. § 24-303 (Reissue 1979) requires that "[t]he judges of the district court shall, the last two months in each year, fix the time of holding terms of court in the counties composing their respective districts during the ensuing year . . . ." We must, therefore, conclude that there is, at a minimum, a statutory requirement under § 24-303 that there be at least one term of court each year, unless otherwise fixed by the District Court. And in view of the fact that the judge is to fix the time during the last 2 months in each year, we must, likewise, conclude that unless otherwise provided by order of the District Court a term of court begins on January 1 of a given year and ends on December 31 of that same year. There is nothing in the record before us to rebut that presumption. We, therefore, must find that the action of the trial court in vacating its former

judgment and granting a new trial, insofar as the estate of C. E. Weinberger was concerned, was done during the term and pursuant to the court's inherent authority. The filing of the motion for new trial attacking that action was done within the statutory time and is properly before us.

With regard, however, to the matter of the Viola Weinberger estate, it is clear that the trial court did not take any action prior to the end of the term. Having not taken such action prior to the end of the term, the court was limited in what it could do. "'After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate the judgment except for the reasons stated and within the time limited in what is now Chapter 25, article 20, R. R. S. 1943, § 25-2001 . . . .'" *Meier v. Nelsen*, 156 Neb. 666, 670, 57 N.W.2d 273, 275 (1953). But that fact is of no significance in this appeal because the trial court did not vacate or modify its earlier decision with regard to the Viola Weinberger estate. The time for appeal in the action involving the Viola Weinberger estate began to run on November 16, 1978, when the order overruling the motion for new trial was filed. The time for appeal, therefore, with regard to the Viola Weinberger estate, passed long before an appeal of that judgment was filed in this court, and the judgment with regard to the Viola Weinberger estate is final and binding. All that remains is the new trial with regard to the estate of C. E. Weinberger.

Turning then to appellants' contention that the court could not enter the order vacating or modifying its judgment without first giving 10 days' notice to the parties pursuant to Neb. Rev. Stat. § 24-317 (Reissue 1979), we believe that we must reject that argument. Section 24-317 specifically provides as follows: "A judge of the district court at chambers anywhere within his district, or anywhere within any district in which any case is filed as to which such judge is

authorized to act, shall have power [to]: . . . (3) Without notice, make any order and perform any act which may lawfully be made or performed by him ex parte in open court in any action or proceedings which is on file in any district of this state." Certainly, the inherent jurisdiction of the trial court to modify or vacate its own judgment during term is an ex parte order and may be made by the trial court absent a request by either party. That being the case, no notice was required to be given as urged by appellants. The rule seems reasonable in view of the fact that the trial court was not required, in the first instance, to give notice prior to the entry of its original judgment. A party's right of action following either the entry of the judgment or the vacation or modification of the judgment is the same — the filing of a motion for new trial in the District Court or a notice of appeal in this court. It, therefore, appears to us that insofar as the C. E. Weinberger estate is concerned, the trial court acted well within its authority and its order granting a new trial is valid and binding. Insofar as the Viola Weinberger estate is concerned, the parties having failed to appeal within time, that judgment, likewise, is final and binding. For the reasons therefore set out above, the judgment of the trial court with regard to both cases is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in result.