STATE OF NEBRASKA, APPELLEE, V. KEVIN R. FIENE, APPELLANT.

363 N.W.2d 385

Filed March 1, 1985.   No. 84-330.

Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Paul L. Douglas, Attorney General, and Henry M. Grether III, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Kevin R. Fiene, was arrested and tried in the county court for Dawson County for driving an automobile

while under the influence of alcoholic liquor or while having ten-hundredths of one percent or more of alcohol in his body fluids. A determination that Fiene violated either, or both, of such charges would constitute a violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984). See *State v. Wenzel*, 215 Neb. 395, 338 N.W.2d 772 (1983). On July 28, 1983, Fiene was found guilty by written court order (filed July 29, 1983) of "DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOLIC LIQUOR, 39-669.07 (W M.O.)." Fiene was sentenced to probation, including a fine and a 60-day driver's license suspension.

This county court order was timely appealed to the district court on August 2, 1983. The county court approved Fiene's appeal bond filed the same day. This appeal by Fiene fully complied with the requirements of Neb. Rev. Stat. § 29-611 (Reissue 1979).

By memorandum opinion and order dated August 30, 1983, the district court held that the county court had improperly admitted evidence as to a test taken of Fiene's breath at the time of his arrest (for reasons not relevant to this appeal), and ordered

> that this matter be reversed and remanded to the County Court; that the County Court enter an opinion determining whether it based its finding of guilt upon the admission of the breath test or upon the testimony of the officer; that if the Court relied upon the breath test as the determining factor for guilt, this matter shall be dismissed; that if the Court relied on other evidence, excluding the evidence of the breath test, for the determination of guilty, the finding of guilt by the Court shall be reimposed and the sentence of the County Court carried out.

While this reversal and remand presented various problems arising from the fact that it does not directly "affirm, modify, or vacate the judgment, or . . . remand the case to the county . . . court for a new trial," as required by Neb. Rev. Stat. § 29-613 (Reissue 1979), the order did effectively transfer jurisdiction of the case to the county court.

It is at this point that confusion, introduced by defendant's

pleading, enters the case. As stated above, the district court, on August 30, 1983, had remanded the case to county court. The case has passed out of the jurisdiction of the district court. Nonetheless, on September 1, 1983, defendant filed a "Motion for New Trial" in the district court. The efficacy of such a motion is, at best, questionable. See *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981). For the purposes of this opinion, however, and since no party questions the validity of the procedure, it will be assumed the matter proceeded properly. The confusion continued when the district court, by order filed on November 18, 1983, ordered:

> NOW on this 4th day of November, 1983, this matter comes on for hearing having been taken under advisement by the Court. The Court being duly advised finds that the Motion For New Trial should be, and hereby is overruled. That the Defendant shall pay the costs of this action in the sum of $347.70 if the conviction is not set aside in the County Court of Dawson County, Nebraska.

> SO ORDERED this 18th day of November, 1983.

Fiene's attorney was sent a "Notice of Judgment" by the clerk of the district court on November 22, 1983. The clerk's certificate stated, in part, "Order entered on Nov. 4, 1983 and filed in office of [sic] Nov. 18 1983."

The county court then entered an order stating, among other things:

> NOW on this 9th day of November, this matter comes on for hearing on the Court's own motion. The Defendant's motion for new trial being overruled by the Honorable John P. Murphy; gives this court jurisdiction of the case.

> The District Court's order filed August 30, 1983, reversed and remanded this case for an opinion of this Court on whether it relied upon the breath test or other evidence for the determination of guilt of the defendant.

The order concluded by stating that "the original sentence imposed by this Court is hereby ratified and reimposed." On the same date (but filed November 14, 1983) the county court entered its sentencing order, again placing defendant Fiene on probation with the same fine and suspension as earlier imposed.

The two November 9, 1983, orders of the county court were made, after the remand of the district court, on the county court's own motion. Neither defendant Fiene nor his attorney was present or notified.

This order of sentencing by the county court presents various problems to any reviewing court. It is questionable if a sentence may be "reimposed," and, in any event, a defendant may not be sentenced *in absentia* unless he has waived his appearance. *State v. Ernest*, 200 Neb. 615, 264 N.W.2d 677 (1978). Nonetheless, the county court did have jurisdiction to enter the order. If the order was wrong, it should have been challenged on appeal to the district court.

On December 7, 1983, defendant's attorney filed, in the county court, a "Written Notice Of Appeal," stating:

> COMES NOW the Defendant, Kevin R. Fiene, and gives his written notice of his intention to appeal the judgment entered by this Court on the 9th day of November, 1983.
>
> The Defendant continues his cash bond of $100.00 as previously deposited herein. The Defendant, in addition to the cash bond, further undertakes to the Court that he will appear at the District Court of Dawson County, Nebraska, forthwith and from day to day thereafter until the final disposition of the appeal and to answer the complaint against him and to abide by the judgment of the District Court and not depart therefrom without leave.

There was no bond set by the court on this appeal (as required by § 29-611), but apparently the bond was unilaterally set by defendant's counsel.

The county attorney then filed a motion to dismiss Fiene's appeal to the district court because Fiene had failed to file a proper appeal bond within 10 days as required by § 29-611, and thus the district court had no jurisdiction of the appeal. On February 13, 1984, the district court dismissed the appeal. After the appeal was dismissed defendant again filed a "Motion for New Trial," directed to this dismissal order, and alleging in part that the decision "is not sustained by sufficient evidence" and that errors of law occurred "at trial and excepted to by the party making the application." This motion was filed within 10 days,

and apparently defendant believed that this motion would forestall the running of the 30-day time period to appeal the February 13, 1984, dismissal order of the district court.

The district court order denying Fiene's "Motion for New Trial" was entered on April 6, 1984. On May 4, 1984, defendant filed his notice of appeal to this court. This procedure raises questions on appeal to this court similar to those presented in *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981). We do not rule on the effect of the procedure, however, because the point is not argued to us and because we feel that the order of the district court must be affirmed on other grounds having impact on the operations of this court and all the courts involved.

The foundation and ultimate basis of defendant's appeal to this court is that defendant and his attorney had no notice of the county court sentence of November 9, 1983, and therefore could not be held to the requirement of § 29-611 that an appeal bond must be filed within 10 days of the county court order to appeal to a district court.

In oral argument to this court, and in at least four places in his brief filed herein, defendant Fiene's attorney states that he first discovered the November 9, 1983, county court sentencing order on December 1 or 2, 1983. At page 4 of his brief, Fiene states that he filed his motion of appeal from the county court to district court on December 7, 1983, "upon discovery of the sentencing on December 1 or 2, 1983 . . . ." At page 14 of his brief, Fiene's attorney states that "it was not until December 1 or 2, 1983, that the Defendant/Appellant's attorney discovered that the order and sentence had been entered." At pages 16-17 of his brief, defendant's attorney states: "It was not until December 1 or 2, 1983, that the Defendant/Appellant's attorney discovered the order on sentence and that thereafter on December 7, 1983, within 10 days of the Defendant/Appellant's discovery of the order on sentence, the Defendant/Appellant perfected his appeal to this Court." At page 19 of his brief, defendant states that his time for appeal "should not run until the Defendant/Appellant discovers or receives notice of the sentencing" and that "such order was not discovered by the Defendant/Appellant's attorney until

December 1 or 2, 1983."

Such allegations, of course, raise serious questions in this court, including the question of whether defendant's lack of notice and knowledge has operated to deprive him of due process. The foregoing statements of Fiene's counsel become disturbing to this court when we note in the record presented to us for review that on November 17, 1983, Fiene's same counsel filed in the county court a "Motion for Rehearing," alleging in part "[t]hat on November 9, 1983, without providing a hearing to the Defendant, the Court entered its Order." The certificate of service filed with this motion is signed by defendant's attorney and certifies that a copy of the motion was mailed to the county attorney of Dawson County on November 15, 1983. It is obvious that, in spite of his protestations that the county court order of November 9, 1983, was not discovered until December 1 or 2, 1983, defendant's attorney knew of the order on November 15, 1983—only 6 days after the challenged order—leaving ample time to perfect an appeal to the district court. He did not perfect his appeal to the district court, as required by the provisions of § 29-611, although time was available. Defendant did not perfect his appeal even if the time for appeal was extended to 10 days following his actual notice of the challenged order.

In this state of the record we hold that the district court properly dismissed defendant's purported appeal of December 7, 1983, to the district court. We affirm.

AFFIRMED.