ANGELO MASTROCESARE, APPELLANT, V. BETTY J. MASTROCESARE, APPELLEE.

507 N.W.2d 683

Filed November 16, 1993.    No. A-92-087.

John R. Brogan for appellant.

David L. Kimble, of Souchek & Kimble, for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

IRWIN, Judge.

Angelo Mastrocesare appeals from a denial of his motion to vacate a judgment for spousal support contained within the decree of dissolution of the parties' marriage. The district court for York County held that it was without jurisdiction to entertain appellant's motion to vacate. For the reasons set forth below, we affirm.

## FACTS

Appellant, Angelo Mastrocesare, filed a petition for dissolution of marriage on April 30, 1990. Appellee, Betty J. Mastrocesare, filed a responsive pleading requesting an award of spousal support and other equitable relief. On February 20, 1991, the district court for York County entered a decree dissolving the parties' marriage and ordering appellant to pay spousal support to appellee in the amount of $300 per month for 72 months. Neither party appealed from the decree. On December 16, 1991, appellant filed a motion to vacate the judgment for spousal support, requesting the district court to vacate the portion of the decree that ordered appellant to pay spousal support. On January 7, 1992, the district court overruled appellant's motion to vacate. The district court stated that it was without jurisdiction to entertain a motion to vacate because neither party had filed a timely appeal from the decree entered on February 20, 1991, and that the decree had thus become final. Appellant filed this appeal on February 4, 1992.

## ASSIGNMENTS OF ERROR

Appellant assigns three errors, which we have consolidated into two assigned errors for purposes of this discussion. Appellant claims that the district court erred in (1) ordering appellant to pay spousal support and (2) determining that it had no jurisdiction to hear appellant's motion to vacate.

## STANDARD OF REVIEW

In an appeal involving an action for dissolution of marriage, an appellate court's review is de novo on the record to

determine whether the trial court has abused its discretion. In the absence of an abuse of discretion, an appellate court will uphold the trial court's judgment. See, *Preston v. Preston*, 241 Neb. 181, 486 N.W.2d 902 (1992); *Larimore v. Larimore*, 240 Neb. 13, 480 N.W.2d 192 (1992).

## DISCUSSION

*Spousal Support Order.*

Appellant has not challenged the amount of support that he was ordered to pay appellee, either in his motion to vacate or in this appeal. Rather, appellant claims that the district court abused its discretion by ordering him to pay spousal support instead of alimony. Appellant contends that a court cannot enter an order for spousal support outside of a decree or judgment which also provides for child support. Appellant bases his argument on the statutory definition of spousal support found in Neb. Rev. Stat. §§ 42-347(4) (Cum. Supp. 1992) and 43-1715 (Reissue 1988). Section 42-347(4) states:

> Spousal support, when used in the context of income withholding or any provisions of law which might lead to income withholding, shall mean alimony or maintenance support for a spouse or former spouse when ordered as a part of an order, decree, or judgment which provides for child support and the child and spouse or former spouse are living in the same household.

Section 43-1715 defines spousal support almost identically.

Appellant contends that because he and appellee had no children, the district court could not have ordered appellant to pay support to appellee "as part of an order . . . which provides for child support" as stated in the statutory definition of spousal support. Appellant is correct in his assertion that the term "spousal support," as defined by the Legislature, means support paid to a spouse within the confines of an order that also provides for child support. However, appellant is incorrect in his assertion that the district court's mislabeling of appellant's support obligation to appellee justifies vacating the judgment containing such order.

In *Black v. Black*, 223 Neb. 203, 388 N.W.2d 815 (1986), a husband had been ordered by the district court to pay alimony

pursuant to Neb. Rev. Stat. § 42-362 (Reissue 1988). Section 42-362 provided that a court may order "support and maintenance" for a mentally ill spouse upon dissolution of the marriage and thereafter. The husband appealed to the Nebraska Supreme Court, contending that the district court had erred in awarding alimony to his spouse under § 42-362 because the statute did not provide for such an award. The Nebraska Supreme Court rejected the husband's argument, noting that it was "clear from the trial court's language . . . that notwithstanding its use of the word 'alimony,' it in fact awarded the wife 'support and maintenance' under the terms of § 42-362." 223 Neb. at 207, 388 N.W.2d at 819.

▮ We believe that the present case presents a situation analogous to the situation addressed by the Nebraska Supreme Court in *Black*. In this case, it is clear that the district court, notwithstanding its employment of the term "spousal support," in fact awarded the appellee alimony. This result is also consistent with authority from other jurisdictions holding that labels placed upon payments made under the terms of divorce judgments are not determinative of their nature. *In re Marriage of Kessler*, 110 Ill. App. 3d 61, 441 N.E.2d 1221 (1982); *Knipfer v. Knipfer*, 259 Iowa 347, 144 N.W.2d 140 (1966) (holding that a trial court's use of the term "alimony" was not conclusive against a claim that the award was actually a property settlement); 27B C.J.S. *Divorce* § 309 (1986); 24 Am. Jur. 2d *Divorce and Separation* § 520 (1983). In addition, despite the statutory definition of spousal support, it is evident that the term "spousal support" and the term "alimony" are commonly used interchangeably. See, *Else v. Else*, 219 Neb. 878, 367 N.W.2d 701 (1985); 24 Am. Jur. 2d, *supra*. In light of the above, we find that the district court in fact awarded appellee alimony despite the fact that it used the term "spousal support." Appellant's first assigned error is thus without merit.

*District Court's Jurisdiction.*

▮ Appellant contends in his second assignment of error that the district court erred in determining that it did not have jurisdiction to entertain his motion to vacate the decree. A trial court has inherent authority to vacate its former judgment

during the same term of court. *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981). In *In re Estate of Weinberger*, the Nebraska Supreme Court found that there is a presumption that a term of district court begins on January 1 of a given year and ends on December 31 of that same year, unless otherwise provided by order of the district court.

The district court entered the decree in this case on February 20, 1991. Appellant filed his motion to vacate on December 16. There is no evidence in the record that the district court provided that its term for this period was other than from January 1 through December 31. Consistent with *In re Estate of Weinberger*, we must find that both the decree and appellant's motion to vacate in this case were filed during the same term of court. Therefore, appellant correctly asserts that the district court had jurisdiction to entertain appellant's motion to vacate.

Appellant based his motion to vacate on the same grounds as his first assigned error in this case, i.e., that the district court's order to pay spousal support was not statutorily authorized. As noted above, this claim is without merit. A court must disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment will be reversed or affected due to such error or defect. Neb. Rev. Stat. § 25-853 (Reissue 1989).

## CONCLUSION

Because appellant's motion would not have been properly granted if entertained by the district court, we conclude that the district court's determination that it had no jurisdiction to entertain appellant's motion to vacate was harmless error. We therefore affirm the district court's decision.

AFFIRMED.